## THE STATE ex inf. HADLEY, Attorney-General, v. RUSSELL.

### In Banc, June 20, 1906.

1. **TOWNSHIP ORGANIZATION: Resubmitted in 1898.** Although township organization was first adopted in a county in 1880, under and in pursuance to a statute then invalid, for that it was not in harmony with the Constitution, yet if the question was resubmitted to the voters in 1898, upon a petition and orders in substantial compliance with the valid statute of 1897, and a majority of all the voters voting at the election voted for township organization, township organization was legally adopted in that county. And that will be the holding, although the purpose of the petitioners, as revealed by their petition, may have been to get rid of township organization altogether.

2. ————: **Orders of Court: Reasons.** The county court cannot take into consideration the reasons assigned in the petition for asking for a resubmission of the question of township organization.

3. ————: ————: **Form of Ballot.** The statute prescribes the form of the ballot to be voted when the question of township organization is submitted to the people, and the order of the court

directing the question to be submitted should not state what the form of the ballot shall be, and if it does it is to that extent binding on no one.

## Quo Warranto.

WRIT QUASHED AND CAUSE DISMISSED.

*Herbert S. Hadley,* Attorney-General, and *John Kennish,* Assistant Attorney-General, for informant; *John A. Davis* and *R. T. Railey* of counsel.

Section 9 of article 9, Constitution 1875, in express terms, provided for the discontinuance of township organization. Section 8517, Revised Statutes 1889, under which the petition of 1898 was presented, undertook to carry into effect, or to ignore, section 9, supra, which provides, that township organization may be discontinued when a majority of the voters, voting on said proposition, are against it. Whereas, said section 8517, ignores the same, and provides that a majority of all the votes cast at the election is necessary to discontinue same. Said section is in conflict with said section 9, of article 9, of the Constitution, is unconstitutional and therefore void, and by reason thereof, the election held in 1898, as set out in respondent's return, was and is *coram non judice* and absolutely void.

*Whitsitt & Jarrott* and *W. D. & G. M. Summers* for respondent.

(1) The petition signed by the legal voters and presented to the county court September 19, 1898, complied with the statutes. Sec. 10226, R. S. 1899; Rousey v. Wood, 63 Mo. App. 460; State ex rel. v. Schmitz, 36 Mo. App. 558. (2) The petition and the order of the county court submitting the question of township organization, after the act of 1897, are in strict conformity to the provisions of article 1, chapter 168. "Under

these sections when a county court makes an order submitting the question at a general election, it is clearly the right of every qualified voter to cast his ballot at such election 'For or Against Township Organization.'" Applegate v. Eagan, 74 Mo. 261; Attorney-General v. Page, 38 Mich. 285; Guebeele v. Epley, 28 Pac. 89. (3) The election was authorized by the statute. It was the intention of the Legislature to authorize county courts to take the sense of the voters on the question of township organization, when petitioned by 100 legal voters. The petition was presented and the order made under article 1, chapter 168, and if the provisions of this article were complied with, township organization was legally adopted. Hudson v. Solomon, 17 L. R. A. 104; Bowers v. Smith, 111 Mo. 45. (4) Neither the county court nor the petitioners could find or determine that township organization had been adopted in this county in 1880. No statute relating to general elections clothes the county court with such authority. State v. Searcy, 39 Mo. App. 393. (5) In 1880 the question of township organization was submitted under the law as enacted in 1879. A majority of all the votes cast were for township organization as shown by the record, but as to whether the statutory law was constitutional or not, we cite the following authorities: "If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained." This proposition we have never heard questioned. Board of Supervisors v. Stanley, 105 U. S. 305; Muldroom v. Levi, 25 Neb. 457; People v. Perry, 79 Cal. 106; Berry v. Railroad, 41 Md. 446; In re Groff, 21 Neb. 647; Railroad v. State, 29 Ala. 573; People v. Hill, 7 Cal. 97. (6) If a majority vote "For Township Organization," it places the county so voting within the provisions of the law and the organization takes effect. If we organize under

the provisions of the statute, we ought to be entitled to its provisions. We accepted the provisions of the statute, by a majority vote; it operated as a repeal in the county of the general law, regulating the organization of county organization. State ex rel. v. Pound, 93 Mo. 634.

FOX, J.—This is an original proceeding in this court in which the aid of the court is sought to oust the respondent, William Russell, from the office of township assessor of Grand River township of Cass county, Missouri, which office, it is alleged, the respondent unlawfully and wilfully intruded into and usurps on the theory that township organization, under the law applicable to that subject, has been legally adopted in said Cass county, when in fact such township organization had never been and has not been legally adopted in said county.

On the 30th day of April, 1906, a petition was filed by the Attorney-General as informant against the respondent herein, William Russell, in which it was substantially charged that the respondent William Russell was unlawfully and wilfully usurping and exercising the prerogatives and duties of township assessor of Grand River township in Cass county, Misssouri. That the acts of such officer were performed upon the theory that township organization had been legally adopted in said county, when, as it is alleged, township organization had never been and has not been legally adopted in said county. Then followed a prayer for the issuance of process by this court directed to said respondent to be and appear before this court at a time certain, then and there to show cause why he should not be ousted from such office and from enjoying the privileges and emoluments thereof. Upon the filing of said petition this court issued its process directed to the respondent commanding him to be and appear before the Supreme Court of Missouri, In Banc, on or

before the 4th day of May, 1906, to show by what warrant or authority he claimed to hold, use and exercise the office of township assessor of Grand River township within and for the county of Cass and State of Missouri, and show cause on or before that day why the writ of *quo warranto* should not issue as prayed for in the petition of the informant. This process was served upon the respondent on May 1st, 1906, and on May 4, 1906, respondent filed his return to such writ. This return to the *quo warranto* proceedings herein, substantially states:

1. That in the year 1880, a petition signed by more than one hundred legal voters of Cass county, Missouri, was duly presented to the county court of said county praying said court to submit to the qualified voters of said county the proposition as to whether township organization should be adopted in said county. The county court granted the prayer of said petition. Then follows a statement of the submission of the proposition at the general election in 1880 and the adoption of township organization. In other words, the return in effect shows that an election was held under the law as it then existed, submitting the proposition of the adoption of township organization, and that it was adopted and that the terms of the statute then in force were fully complied with.

2. It is shown by said return that afterwards, to-wit, on the 19th day of September, A. D. 1898, a petition signed by more than one hundred legal voters of said county was presented to the county court of said county in which the said court was requested to re-submit to the qualified voters of Cass county township organization at the general election in November, A. D. 1898; that the prayer of the petition of such legal voters was granted and the proposition submitted to the qualified voters of that county, and that at said election 4264 votes were cast; that 2990 votes were cast for township organization and 438 votes were cast against town-

ship organization; that the votes were canvassed and returned in like manner to the vote for state and county officers. It is stated in said return that Cass county, by reason of such election in 1898, legally adopted township organization under and by virtue of the Constitution of Missouri and under and by virtue of article 1, chapter 168, Revised Statutes 1899, and also under and by virtue of the act of 1897. Then follows a statement of the election and qualification of the respondent as township clerk and ex-officio township assessor of Grand River township, heretofore mentioned in the *quo warranto* proceedings.

There is embraced in this return a copy of the petition and order of the county court respecting the election in 1898, however, we deem it unnecessary to reproduce them, as due reference will be made to them during the course of the opinion. There are also, by stipulation, exhibits on file which will also be given proper attention upon the consideration of the legal questions involved. The return of respondent closes with a general denial of each and every allegation and statement in the information which is not admitted by the return and prays to be discharged with his costs.

Upon this state of the pleadings the informant files motion for judgment on the record and pleadings, which motion, omitting formal parts, is as follows:

"Now comes the informant, Herbert S. Hadley, Attorney-General, and moves the court to enter a judgment of ouster herein against respondent, for the following reason:

"Because, the return of said respondent shows upon its face that township organization has never been legally adopted in Cass county, Missouri; and that said respondent is now a usurper in the alleged office of township assessor within and for Grand River township in said county, and has no legal authority for holding said alleged office."

On May 30th this proceeding was submitted to the

court upon the petition, return and motion for judgment. On June 1st, 1906, this court announced its conclusion upon the record before it and caused to be duly entered of record an order quashing the writ of *quo warranto* issued on April 30th, 1906, and further ordering that this cause be dismissed.

This constitutes the record in this proceeding, and it only remains for this court to assign, in the way of a written opinion, the reasons for the conclusions reached, heretofore indicated.

## OPINION.

The record in this cause presents but one crucial question, that is, was township organization, as provided for by chapter 168, Revised Statutes 1899, as submitted, legally adopted in Cass county, Missouri, at the general election held in that county in 1898? A correct answer to that question settles this controversy, and the solution of the proposition must be sought by a fair and reasonable application of the constitutional and statutory provisions applicable to and governing the subject involved.

The constitutional provisions applicable to this subject are as follows:

Section 8 of article 9 of the Constitution of 1875 provides that "the General Assembly may provide, by general law, for township organization, under which any county may organize whenever a majority of the legal voters of such county, voting at any general election, shall so determine; and whenever any county shall adopt township organization, so much of this Constitution as provides for the management of the county affairs, and the assessment and collection of the revenue by county officers, in conflict with such general law for township organization, may be dispensed with, and the business of said county, and the local concerns of the several townships therein, may be transacted in

such manner as may be prescribed by law: Provided, That the justices of the county court in such case shall not exceed three in number."

Section 9 of article 9, of the Constitution of 1875, relative to the same subject, provides that "in any county which shall have adopted 'Township Organization,' the question of continuing the same may be submitted to a vote of the electors of such county at a general election, in the manner that shall be provided by law; and if a majority of all the votes cast upon that question shall be against township organization, it shall cease in said county; and all laws in force in relation to counties not having township organization shall immediately take effect and be in force in such county."

In pursuance of section 8 of the Constitution the General Assembly of this State enacted the following sections of the statute:

"Sec. 10225. At any general election that may be holden in the several counties of this State, the qualified voters in any county may vote for or against township organization, as provided by this article. [R. S. 1889, sec. 8424.]

"Sec. 10226. The county court, on petition of one hundred legal voters of said county, shall cause to be submitted to the voters of the county the question of township organization under this article, by the ballot, to be written or printed, 'for township organization,' or 'against township organization,' to be canvassed and returned in like manner as votes for state and county officers. [R. S. 1889, sec. 8425.]

"Sec. 10227. The clerk of the county court shall cause an abstract of the returns of said election to be made out and certified as in election for state and county officers, record the same at length upon the records of the county court of the county, and shall certify the same to the Secretary of State. [R. S. 1889, sec. 8426.]

"Sec. 10228. If it shall appear by the returns of said election that a majority of the legal voters of the county voting at said election are for such organization, then the county so voting in favor of its adoption shall be governed by and subject to the provisions of this chapter, on and after the last Tuesday in March next succeeding. [R. S. 1889, sec. 8427, amended, Laws 1897, p. 234.]"

It will be observed that the three first sections above quoted are the same as in the revision of 1889, and the last section is the law as amended in 1897. In pursuance of section 9 of the Constitution of this State, section 10,317 was enacted by the General Assembly, which is the same as section 8,517, Revised Statutes 1889, which provides: "At any general election holden in this State, in any county having adopted township organization under this chapter, upon the petition of one hundred voters of the county, praying the county court to re-submit the question of township organization to the voters at said election, it shall be the duty of the county court to submit the question again at such election, in like manner as provided in article one of this chapter; and if it shall appear, after the canvass of the votes as provided in article one of this chapter, that a majority of all the votes cast at said election were against township organization, then such county shall be declared to be under the general laws of the State in relation to its local government, and to have rejected township organization, and the county court shall, at the first meeting thereafter, appoint such county officers as provided by law in counties not under township organization, and such officers, when so appointed, shall hold their offices and discharge the duties thereof in like manner as officers elected in counties never having adopted the provisions of this chapter."

The record in this cause discloses that there was an election held in Cass county at the general election in 1880, in which it was sought to adopt township or-

197 Sup.—41

ganization under the provisions of law applicable to that subject in the Revised Statutes of 1879. As to such election it is sufficient to say that this court, in State ex rel. Burns v. Gibson, 195 Mo. 251, held section 7,432, Revised Statutes 1879, unconstitutional. The rule as announced in that case is appliable to the election held in Cass county in 1880, and it is unnecessary to burden this opinion with a discussion of the law applicable to the election held in such county in 1880. Both the informant and the respondent, with commendable frankness, concede that the case of State ex rel. Burns v. Gibson, supra, settles the law as applicable to that election, hence it will only be necessary to incidentally refer to the election in 1880 in order to intelligently respond to some of the contentions of the informant.

We have carefully considered the disclosure of the record in respect to the petition presented to the county court in September, 1898, and the orders of the county court predicated upon such petition relating to the election in 1898, at which time the proposition of township organization was submitted to the qualified voters of Cass county, and we see no escape from the conclusion that township organization, as provided in chapter 168, Revised Statutes 1899, was legally adopted at said election.

A careful analysis of the petition to the county court to submit the proposition of township organization at the general election in Cass county, Missouri, in 1898, and the orders of the county court predicated upon such petition, will demonstrate that in the submission of this proposition to the qualified voters of that county the statutes upon which the action of the voters was taken were substantially complied with. The petition to the county court, and even the order of the county court based upon such petition, contains recitals which the county court of Cass county had absolutely nothing to do with, but we take it that such erroneous recitals should, by no means, be made the basis

of ignoring the will of the voters of Cass county, Missouri, as expressed at the general election upon the proposition of township organization.

As the main controversy in this proceeding grows out of the petition to the county court and its order based upon such petition submitting township organization to the qualified voters of Cass county, the burdening of this opinion with the reproduction of such petition and order of the county court, in order to fully appreciate the question presented, will, we trust, be pardoned. They were as follows:

"To the Honorable County Court of Cass County, Missouri:

"Gentlemen:

"Cass county, at the general election of the year 1880, having adopted township organization; our revenue for county purposes being insufficient to maintain same, and our highways and bridges becoming in a dilapidated condition, your undersigned petitioners, more than one hundred of whom are legal voters of said Cass county, respectfully ask the court to cause to be re-submitted to the voters of said county the question of township organization at the next general election to be holden on the 8th day of November, 1898."

"Tuesday, October 4th, 1898.

"Now comes W. G. Virgin and 122 other resident voters and tax-paying citizens of Cass county, Missouri, and present to the court a petition praying the court to re-submit the question of township organization to the voters of said Cass county, Missouri, at the next general election, and the court finding said petition signed by more than one hundred legal voters of the county, grants the request of the petitioners and hereby orders that said question of township organization be submitted to the voters of Cass county, Missouri, at the next general election to be held in said Cass county on the 8th day of November, 1898, and at said election those of the qualified voters who are in favor of the

continuance of township organization shall have written or printed on their ballots they vote, 'For Township Organization,' and these who are opposed to the continuance of township organization in said county shall have written or printed on their ballots, 'Against Township Organization,' and the clerk of this court is hereby instructed to include this proposition in the official ballot to be published by him and voted at the general election to be held on November 8th, 1898.''

It is clear, so far as the petition to the county court is concerned, that the only subject of such petition that the county court had the right and jurisdiction to dispose of, was the submission to the voters of said county of the question of township organization at the general election to be holden on the 8th day of November, 1898. As to whether Cass county at the general election of the year 1880 had adopted township organization, the county court absolutely had no power to determine, and as to whether the revenue for county purposes was insufficient to maintain the county under township organization adopted in 1880, and as to whether the highways and bridges in said county were becoming in a dilapidated condition, were matters about which the county court had no concern, and their recitation in the petition could not add any additional force or vitality to the subject over which the county court did have jurisdiction; nor could the county court legally take into consideration such recitations in determining their action upon the petition presented, and such recitations should not, and it will be presumed did not, in any way, influence their action in submitting the proposition of township organization to the voters of the county. What is said in respect to the petition is clearly applicable to certain recitations in the order predicated upon such petition. This order contains every essential element to meet the requirements of the statute in the submission of the proposition to the qualified voters of the county. It recites the presentation

of the petition by the requisite number of legal voters of said county, praying the court to submit the question of township organization to the qualified voters of said county at the next general election; then proceeds to find that said petition was signed by more than one hundred legal voters of the county; then follows the order granting the request of the petition, and it in express terms orders that said question of township organization be submitted to the qualified voters of said Cass county at the next general election to be held in said Cass county on the 8th day of November, 1898; then follows the recitation in the order, that is, the provision that at said election those of the qualified voters who are in favor of the continuance of township organization shall have written or printed on their ballots they vote, "For Township Organization," and those who are opposed to the continuance of such township organization in said county shall have written or printed on their ballots, "Against Township Organization," and the clerk of the court, by such order, was directed to include the proposition of township organization in the official ballot to be published by him and voted at the general election to be held on November 8th, 1898.

It is manifest that every essential requirement of section 10,226, which authorized the county court to submit the proposition of township organization, is embraced in the order of the county court as herein indicated; that is, the request of the requisite number of qualified voters is granted and the clerk is directed to include the proposition of township organization in the official ballot to be published by him and voted at the general election to be held on November 8, 1898. This was all that was necessary to be embraced in such order; there was no necessity for any reference to the form of the ballot, upon the order submitting the proposition; the statutes prescribe the form of the ballot, and clearly there was no power in the county court to indicate

to the voters as to the form of ballot to be used, in order to suit their notions as to the continuance or discontinuance of township organization. In the first place, there was no township organization to be continued, and, secondly, the county court was without authority to indicate to the voters the intention of the use of a certain form of ballot. It should by no means be held that these unnecessary recitals embraced in the order nullified or in any way affected the force and vitality of the recitals in the order, which substantially complied with the provisions of the statute which authorized the county court to submit the proposition of township organization.

Now it must be frankly conceded that some of the recitations in the petition presented to the county court and the order of the court based upon such petition, indicate that the petitioners, as well as the court, were proceeding on the theory that township organization had been legally adopted in 1880, and that the purpose and object of the petitioners was to re-submit the proposition in pursuance of the provisions of section 10317, Revised Statutes 1899. However, we take it that this court would not be warranted in making a search for the objects and purposes, which, as asserted by counsel for informant, constituted the incentive and inducement for the action of the petitioners and the county court in respect to the submission of the proposition. We must apply the law to the action of such petitioners, as well as the county court in making the order, as it existed at the time of such action. The will of the electors at the different precincts in Cass county, at the general election in 1898, was expressed by their ballots, and it is fundamental that the ballots as cast constitute the primary and best evidence of the intention and choice of the voters. If the law was substantially complied with in the submission of this proposition at such election, this court, by no means, would be warranted in limiting the intention and purposes of the

ballots cast by voters of Cass county to the particular objects and purposes of the petitioners of the county court in making such order.   The election in 1880 in Cass county, at which this proposition was submitted, being void and of no effect, for the reason that the section of the statute which provides for the submission of the proposition of township organization was in conflict with section 8 of article 9 of the Constitution of this State, it logically follows that when the county court came to deal with this proposition in 1898, under the law, it was confronted for the first time with an application by the requisite number of qualified electors to submit the proposition of township organization; it makes no difference how the petitioners or the county court regarded the election of 1880; the law controls that, and the action of the petitioners and the order of the county court, if the law is to govern in this controversy, must be treated in the light that no prior election submitting this proposition had ever been held.   The section of the statute, section 7432, Revised Statutes 1879, which was by this court held unconstitutional, was amended by the General Assembly at its session in 1897. The amended section is now section 10,228, Revised Statutes 1899, and in every essential particular conforms to the provisions of section 8 of article 9 of the Constitution of this State.

It was clearly the intention of the Legislature, and manifestly the design and purpose of the Township Organization law, to allow the electors of any county in this State to express their will in respect to the adoption of the provisions of such law.   Hence, in determining the proposition now confronting us, the general design and object of the this law must be kept in view. The question involved being one in which the will and choice of the voters has been expressed at an election held under the laws of this State, the design and object of the law should be effectuated and the will of the electors, as expressed by their ballots, respected, if it

can be done without doing violence to the rule which justly and properly requires the courts of the country to predicate their conclusions upon a fair and reasonable application of the law to the subject in hand.

It is fundamental that ''election laws are enacted for the purpose of ascertaining the will of the electors, and if the election shows a fair and honest expression of the electors' will, that should be respected.''

That the proposition of township organization was submitted to the voters of Cass county at the general election in 1898 there can be no dispute, and it makes no difference whether you term it re-submission or submission; that the qualified voters of Cass county expressed their will upon this proposition at such election, is too plain for discussion. It is, however, earnest- ly and ably argued by learned counsel representing informant, that section 10,317, Revised Statutes 1899, which provides for the re-submission of the proposition of township organization, is unconstitutional, for the same reasons as announced in the case of State ex rel. Burns v. Gibson, supra, therefore all the proceedings resulting in the election of 1898, as well as the election itself, is without any force or validity. In answer to this contention it will be observed, and that fact must not be overlooked, that the petition and the order of the court complied with every essential requirement of the statute authorizing the submission of this proposition. Conceding, then, that the section authorizing its re-submission is unconstitutional, that only emphasizes the correctness of the conclusion as herein indicated, for if the section providing for the re-submission of this proposition is invalid and of no force or effect, then the petition of the petitioners and the order of the county court based upon it (there being embraced in such petition and order all of the the essential allegations required by the statute, in submitting the proposition), it must logically follow, can only be treated as having reference to

the submission of the proposition as provided by section 10,226, and this court would clearly not be justified in holding that the action of the petitioners, as well as that of the county court in making the order, was in pursuance of an invalid and void statute and that their action was simply meaningless; when by a fair and reasonable application of the law their acts, by reason of a substantial compliance with section 10,226, can be given full force and effect.

We deem it unnecessary to pursue this subject further. The general election was held on the 8th of November, 1898, in Cass county, Missouri, and the proposition of township organization was submitted at such election, and in harmony with the Constitution, and the statute enacted in pursuance of it, a majority of all the ballots cast at such election were in favor of township organization. While it may be true that some of the electors cast their ballots upon the theory that they were voting to continue or discontinue in force such organization, which they supposed had been previously adopted, yet it is equally true that at that election the contest was sharply presented on the proposition of township organization, and the electors gave expression to their will upon the proposition, and this court is unwilling to say that such expressions shall be ignored. The proposition having been submitted in substantial accordance with the provisions of the statute, and included in the official ballot published and the form of such ballot applicable to this subject being such as was prescribed by the statute, keeping in view that the manifest design and object of the law was to obtain the expression of the will of the electors upon township organization, and the qualified electors of Cass county, Missouri, having given such emphatic expression to their will upon this subject, we see no escape from the conclusion that the proposition of township organization was legally adopted at the election held in 1898.

Respondent having been duly elected and qualified to discharge the duties of assessor under the provisions of the law, after its adoption, it follows that the conclusion of this court announced and duly entered of record on the 1st day June, 1906, quashing the writ and dismissing the cause, was clearly correct, and it is, ordered that this opinion, assigning reasons for such conclusion so announced, be filed, now for then.

*Brace, C. J., Gantt, Burgess, Valliant* and *Lamm, JJ.,* concur; *Graves, J.,* not sitting.